IN the INTEREST OF: C.P., a Minor

**Appeal of: C.P., a Minor**

**No. 1537 EDA 2016**

Superior Court of Pennsylvania.

Argued November 29, 2016
FILED JANUARY 31, 2017

Jermiah F. Kane, III, West Chester, for appellant.

Scot R. Withers, West Chester, for Chester County Dept. of Children, Youth and Families, participating party.

BEFORE: DUBOW, RANSOM, AND PLATT, JJ.*

OPINION BY DUBOW, J.:

Appellant, Jeremiah F. Kane, Esq. ("Attorney Kane"), appeals from the April 22, 2016 Order entered in the Court of Common Pleas of Chester County that vacated his appointment as Guardian Ad Litem ("GAL") in a dependency proceeding. After careful review, we affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. In sum, on May 7, 2014, the Chester County Children and Youth Services Agency ("Agency") filed a Dependency Petition alleging, *inter alia*, that C.P. ("Child") was truant and unruly. On the same day, the trial court appointed Attorney Kane to be both the Child's attorney and the Child's GAL. Order, dated 5/7/15. On June 4, 2014, the court adjudicated the Child dependent due to the Child's truancy, habitual disobedience, and ungovernable acts. *See* 42 Pa.C.S. § 6302. The Child was fourteen years old. During this proceeding, Attorney Kane represented the

---

* Retired Senior Judge Assigned to the Superior Court.

Child in a dual role as the Child's attorney and GAL.

As a result of the dependency determination, the Agency placed the Child outside of the home from June 2014 until March 2015. In March 2015, the Agency reunified the Child with his mother.

After returning home, however, the Child's unruly behavior began to escalate once again. On March 29, 2016, Attorney Kane filed a request for an emergency hearing. On April 7, 2016, the Child's mother signed a Voluntary Placement Agreement and the Agency placed the Child at Glen Mills Shelter pending the outcome of evaluations.

On April 14, 2016, a hearing officer conducted an emergency hearing. Attorney Kane once again represented the Child in a dual role as the Child's attorney and GAL. The Child wanted to return home; Attorney Kane, however, advocated to the hearing officer that the Child should remain in placement. The Child refused to communicate with Attorney Kane. N.T. Hearing, 4/14/16, at 4–5.

■ The Agency then argued that Attorney Kane should only be acting as the Child's attorney, rather than attorney and GAL, because the trial court adjudicated the Child dependent based on status offenses.[1] *Id.* at 5–6. In response, Attorney Kane argued that the Child needed both an attorney and a GAL. *Id.* at 7, 10.

At the end of the hearing, after giving Attorney Kane a chance to argue that the Child needed both an attorney and a GAL, the hearing officer vacated Attorney Kane's appointment as the Child's GAL and retained Attorney Kane as the Child's attorney.

Attorney Kane raised a challenge to the hearing officer's recommendation to the trial court. The trial court denied the challenge on April 20, 2016. On April 22, 2016, the trial court accepted the hearing officer's recommendations and entered an Order, *inter alia*, vacating Attorney Kane's appointment as the Child's GAL and appointing Attorney Kane solely as the Child's attorney.

Attorney Kane appealed his removal as the Child's GAL. Both Attorney Kane and the trial court complied with Pa.R.A.P. 1925.

Attorney Kane raises the following issue on appeal: "Did the [t]rial [c]ourt abuse its discretion and err in removing [Attorney Kane] as the [GAL] in the [Child's] Dependency matter, without notice or written motion from the party requesting said action and without any statutory authority for the Court to remove a [GAL] while retaining him as the [Child's] attorney thereby leaving no one to advocate for the best interests of the [Child?]" Attorney Kane's Brief at 6.

■ We review a trial court's decisions in a child dependency proceeding for an abuse of discretion. *In re E.P.*, 841 A.2d 128, 131 (Pa. Super. 2003). "We must accept the facts as found by the trial court unless they are not supported by the record." *Id.* (quotation and citation omitted). It is our responsibility to ensure that the trial court has applied the appropriate legal principles to the record while still affording great weight to the court's fact-finding function, as the trial court is in the

---

1. Status offenses are defined as "conduct which if engaged in by an adult would not be legally prohibited." *In the Interest of R.B.*, 424 Pa.Super. 57, 621 A.2d 1038, 1042 n.11 (1993) (citations omitted). The 1977 amendments to the Juvenile Act reclassified status offenses as dependency rather than delinquency matters. *Id.* at 1042. Examples of status offenses include truancy, running away, and ungovernability. *Id.*

best position to observe and rule on the credibility of the parties and witnesses. *Id.*

When determining the role of an attorney, the Pennsylvania Rules of Juvenile Court Procedure ("Rules of Juvenile Procedure") focus, *inter alia*, on whether the basis for the adjudication of dependency is for status offenses or a parent's failure to provide proper care and control. Pa. R.J.C.P. 1151. When the basis for the adjudication of dependency is for status offenses, the court must appoint an attorney to advocate for a child's legal interests, which in the context of a dependency proceeding is essentially a child's wishes, even if that child's wishes are in opposition to that child's best interests. Pa.R.J.C.P. 1151(B) and (C).

In contrast, if the basis for the dependency determination is that a child is without proper parental care and control, the trial court is required to appoint a GAL to advocate for that child's wishes **and** that child's best interests.[2] Pa.R.J.C.P. 1151(A).

The reason for the distinction is that when a dependency petition alleges status offenses, a child's conduct is at issue and consequently that child needs to have an attorney representing that child's legal interests and wishes to the court. When the basis for the dependency proceeding is the failure of a child's parents to provide proper parental care and control, the focus of the hearing is on the parents' conduct and it may be sufficient for the court to appoint a GAL to represent that child's wishes **and** best interests without conflict.

■ Attorney Kane first argues that the trial court abused its discretion when it removed him as the GAL without written notice or motion. Attorney Kane's Brief at 17. This issue lacks merit.

We note initially that before the hearing officer made the recommendation to remove Attorney Kane as GAL in open court, the hearing officer provided Attorney Kane with an opportunity to argue his position.

Moreover, there is no legal basis to support Attorney Kane's argument that the court must provide written notice before vacating the appointment of a GAL. Without a specific statutory requirement that the court must provide written notice before vacating the appointment of a GAL, the trial court did not err in vacating Attorney Kane's appointment after Attorney Kane had an opportunity to argue the need for a GAL in open court.

■ Attorney Kane next argues that the trial court abused its discretion when it removed him as the GAL without appointing a new GAL. Attorney Kane's Brief at 17–18. We disagree.

The basis for the adjudication of dependency in this case was the Child's truancy, habitual disobedience, and ungovernable acts, which are status offenses. *See In the Interest of R.B., supra,* at 1042. Consequently, the Rules of Juvenile Procedure only require the appointment of an attorney to represent the Child's legal interests and wishes. Pa.R.J.C.P. 1151(B).

Moreover, the Rules of Juvenile Procedure do not mention the need for a GAL when the basis for adjudication is status offenses and thus, the Rules do not authorize the appointment of one. *Id.* Therefore, the trial court did not abuse its discretion when it vacated the appointment of Attorney Kane as GAL without appointing a new GAL.

---

2. We note that if a child's wishes conflict with the GAL's belief of the best interests of that child, the GAL has a conflict and the court may separate the representation by retaining the GAL to act solely as the child's attorney and appointing a new GAL. Pa.R.J.C.P. 1151 cmt.

This case, in particular, demonstrates the need for an attorney to advocate for the legal interests and wishes of a child, rather than serve as a GAL when the basis for adjudication is status offenses. When Attorney Kane refused to advocate the Child's position, the Child stopped communicating with Attorney Kane. Moreover, the Child, whose conduct was at issue, did not have an attorney providing him with a voice in the courtroom. Rather, the Child had a GAL who was advocating a position that was contrary to the Child's wishes.

We strongly stress the importance of a child having an attorney advocating for that child's legal interests and wishes in the courtroom when the basis for adjudication is status offenses. To have a child's attorney advocate a position contrary to that child's position in such a situation is contrary to our basic notions of fairness in an adversarial system. Further, when the basis for adjudication is status offenses, we are confident that the trial court, who hears the evidence in its totality, is capable of determining the best interests of a child without a GAL.

Order affirmed.[3]

---

**3.** Appellee's request for attorney's fees summarily asserted in Appellee's Brief is denied.